IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

R. C. an infant under the age of
eighteen (18) years by R.C.'s parent,
legal guardian and next of friend, S.C.,

        Plaintiff,

v.                                      CIVIL ACTION NO. 3:24-0057

THE CABELL COUNTY BOARD OF EDUCATION,
a West Virginia corporation;
PAMELA BAILEY,
in her individual and official capacity;
JENESSA FREEMAN,
in her individual and official capacity; and
CYNTHIA NEIL,
in her individual and official capacity,

        Defendants.

**MEMORANDUM OPINON AND ORDER**

Pending before the Court is Defendants' Motion to File under Seal their Motion for Partial Summary Judgment, Memorandum in Support, and the attached Exhibits. ECF No. 102. In support of their Motion to Seal, Defendants state that these documents contain confidential, sensitive, and personal information pertaining to the minor Plaintiff R.C. They also assert some of the documents fall under the parties' Agreed Protective Order. Plaintiff has not responded to the motion.

In deciding whether documents should be sealed, the Court observes that there is a presumptive right under common law for the public to access and inspect "judicial records and documents." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (internal quotation marks and citation omitted). However, this presumption can be outweighed by

"some significant interest." *Id.* The burden to make such a showing rests on "[t]he party seeking to overcome the presumption." *Id.* (internal quotation marks and citation omitted).

On the other hand, "[w]hen the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Id.* (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir.1988)). The party seeking to seal a record or document has the burden to present specific reasons that are sufficient to overcome a First Amendment right of access. *Id.* (citation omitted). A First Amendment right to access arises when, as here, the documents and materials sought to be sealed are "filed in connection with a summary judgment motion." *Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014) (citation omitted). Therefore, the Court finds that the First Amendment standard applies to this case.

Before sealing a document, a "district court must (1) give the public adequate notice of a request to seal and a reasonable opportunity to challenge it, (2) consider less drastic alternatives to sealing, and (3) if it decides to seal, state the reasons, supported by specific findings, behind its decision and the reasons for rejecting alternatives to sealing." *Gonzalez v. Cuccinelli*, 985 F.3d 357, 376 (4th Cir. 2021) (citing *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Documents and materials should be sealed under a First Amendment analysis only after the district court considers "if (1) closure serves a compelling interest; (2) there is a 'substantial probability' that, in the absence of closure, that compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect that compelling interest." *Id.* at 377 (citations omitted).

In considering Defendant's Motion to Seal in this case, the Court observes that Defendants filed their motion on September 22, 2025. Although the motion itself is sealed, the Court's docket sheet, which is available to the public, reflects that the motion was filed and it seeks to seal Defendant's Motion for Summary Judgment, the Memorandum in Support, and the Exhibits. As over a month has passed since the motion was filed, the Court finds the public has had adequate notice of the request and a reasonable opportunity to challenge the motion. As the Court has not received any request to unseal the documents, the Court will proceed to consider if there are alternatives to sealing and, if so, whether such alternatives are suitable.

The underlying facts of this case involve allegations that a four-year old child suffered neglect, abuse, and general maltreatment at the hands of school personnel. Throughout this action, the child has been identified with his initials "R.C.", and his mother, who filed the action as his parent, legal guardian and next friend, has been identified by the initials "S.C." Thus, court filings have not disclosed the child or the mother's name. On the other hand, Defendants have been identified by name and the allegations against them are available to the public in both the Complaint and Amended Complaint.

In evaluating whether the documents in this case should be sealed, the Court recognizes that it is well established that the safeguarding of a minor's physical and psychological well-being is a compelling state interest. *Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 607 (1982). In light of this compelling state interest, courts have held that sealing sensitive records involving minors is justified. *See Mears v. Atl. Se. Airlines, Inc.,* Civ. Act. No. 5:12-613-F, 2014 WL 5018907, at *3 (E.D. N.C. Oct. 7, 2014) (collecting cases and stating that "[c]ourts have held that compelling governmental interests require the sealing of documents relating to minors in general and the sealing of sensitive medical information in particular"). Nevertheless,

this Court must evaluate each document and determine whether the motion is narrowly tailored to seal only that information that needs to be sealed. *Virginia Dep't of State Police*, 386 F.3d at 575 ("When the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'").

Keeping in mind that it is Defendants' burden in this case to present specific reasons to seal a document that overcomes the public's First Amendment right to access, the Court turns to Defendants' argument. In their Memorandum of Law, Defendants summarily state that the documents contain confidential and sensitive information regarding R.C., "and other assorted documents which fall under the Agreed Protective Order entered herein." *Mem. of L. in Supp. of Mot. to File under Seal*, at 1, ECF No. 103. In addition, they assert the documents at issue are not available publicly. Defendants go no further in stating why each individual document should be sealed.

Turning to those documents, the Court finds as follows:

1. The Court **DENIES** Defendants' Motion to Seal its "Motion to File under Seal" (ECF No. 102), its "Motion for Partial Summary Judgment" (ECF No. 102-1), and Defendants' proposed Order. ECF No. 102-11. There is absolutely nothing within these documents that justify them being sealed. The Court **DIRECTS** the Clerk to unseal these documents.

2. As to Defendants' Motion to Seal its "Memorandum of Law in Support of Defendants' Motion for Partial Summary Judgment" (ECF No. 102-2), the Court generally finds this document contains important information to assist the public in understanding the proceedings, and the identities of the child and his mother are protected by the use of their initials. However, there is one sentence in this document, with an accompanying footnote, that references a matter that weighs against unsealing, which the Court believes should be redacted. Except for this sentence and footnote, the Court finds the public's right to access the remainder of the document is not overcome by a compelling reason to seal. Therefore, the Court **GRANTS** Defendants' Motion to Seal its "Memorandum of Law in Support of Defendants' Motion for Partial Summary Judgment" in its current form. However, the Court **DIRECTS** the Clerk to file the attached redacted version of this document as an unsealed document.

3. The Court **DENIES** the motion as to: "Exhibit C" (ECF No. 102-5), which is excerpts of the deposition of Cynthia Neil; "Exhibit E" (ECF No. 102-7), which is excerpts of the deposition of S.C.; and "Exhibit G" (ECF No. 102-9), which is excerpts of Plaintiff's Responses to Defendant's First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents. Although these excerpts discuss what transpired on a particular day at the school and some other matters, the Court finds that Defendants have not met their burden of specifically showing why the public's right to access these particular documents should be denied when neither the child nor his mother are identified by name and only their initials are used. Therefore, the Court **DIRECTS** the Clerk to unseal these documents.

4. As to "Exhibit A" (ECF No. 102-3), which is excerpts of the deposition of Janessa Lusk and "Exhibit H" (ECF No. 102-10), which is excerpts of the deposition of Emily Curnutte, the Court also generally finds it unnecessary to seal these documents for the same reasons stated in point 3. However, the Court finds both these documents contain the name of Plaintiff and "Exhibit A" also contains the name of his mother. Therefore, the Court **GRANTS** the Motion to Seal these documents as currently filed, but it **DIRECTS** Defendants to file a redacted version of these documents that removes the name of Plaintiff and his mother **on or before November 10, 2025**.

5. As to "Exhibit D" (ECF No. 102-6), which is excerpts of the deposition of Pamela Bailey, the Court finds that Ms. Bailey discusses a matter that is typically protected and considered confidential, and the Court finds the nature of the matter discussed outweighs the public's First Amendment right to access. Therefore, the Court **GRANTS** Defendants' Motion to Seal "Exhibit D."

6. Finally, the Court **GRANTS** the Motion to Seal "Exhibit B" (ECF No. 102-4) and "Exhibit F" (ECF No. 102-8), as these are depositions of medical professionals who discuss medical findings with respect to R.S. Given the nature of these depositions, the Court **FINDS** there is a compelling interest in keeping these depositions sealed that outweighs the public's right to access and sealing these documents does not unduly restrict the public's ability to understand the proceedings.

The Court further **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to all counsel of record, and any unrepresented parties.

ENTER:   November 3, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE